**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SEAN W. LEE, | |
| Petitioner, | Civil No. 09-4902 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | OPINION |
| Respondent. | |

**APPEARANCES**:

    SEAN W. LEE, Petitioner pro se
    #20178076
    F.C.I. Fort Dix
    Bldg. 5811, P.O. Box 2000
    Fort Dix, New Jersey 08640

**SIMANDLE, District Judge**

    Plaintiff, Sean W. Lee ("Lee"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this application to void judgment against him.  This mater was docketed by the Clerk of the Court as a prisoner civil rights complaint; however, the Court will construe the application as one seeking habeas relief because petitioner seeks a writ to vacate his conviction and to effect his immediate release from federal prison.

This Court has reviewed the petition, and for the reasons set forth below, will dismiss this action for lack of jurisdiction.[1]

## I. BACKGROUND

Lee submits a petition to void a judgment of conviction rendered against him in a federal district court on the ground that jurisdiction over him was lacking because his counsel was incompetent and ineffective in the criminal proceedings. Lee's application for relief is a rambling, disjointed legal argument with no supporting or relevant facts concerning the judgment he is seeking to void. In fact, Lee does not identify the judgment of conviction at issue, or the court in which it was entered.

This Court takes judicial notice of a recent action filed by Lee in this District Court, namely, <u>Lee v. United States of America</u>, Civil No. 09-3853 (NLH), which was recently dismissed for lack of jurisdiction. Further, this Court reviewed the Public Access to Court Electronic Records ("PACER") for any judgment of conviction entered against Sean William Lee, and confirmed that a judgment of conviction was entered against petitioner in the United States District Court for the Western

---

[1] Lee fails to submit an application to proceed <u>in forma pauperis</u> ("IFP") in this matter, or the requisite filing fee ($5.00 for habeas matters). Nevertheless, because this Court must dismiss this matter for lack of jurisdiction, the Court will direct the Clerk to close the matter without assessing fees or costs accordingly.

District of Tennessee (Memphis).  Specifically, it appears that, on December 12, 2005, Lee pled guilty to one count of use of computer/telephone system for purpose of persuading a minor to engage in sexual acts, in violation of 18 U.S.C. § 2422(b), and one count of criminal forfeiture allegations under 18 U.S.C. § 2253.  Lee was sentenced on June 14, 2006, to a prison term of 188 months to be followed by supervised release for life.  As a condition of release, Lee also was ordered to participate in a specialized sex offender treatment program.  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(redacted Judgment, docket entry no. 77).

On June 25, 2006, Lee filed a Notice of Appeal before the United States Court of Appeals for the Sixth Circuit regarding the conditions of release, namely, the requirement that he participate in a sex offender treatment program as a condition of release.  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 78).  On September 17, 2007, the Sixth Circuit dismissed Lee's appeal without prejudice, on the ground that it was not ripe for review.[2]  See id. (Docket entry no. 92).

---

[2] Lee's direct appeal involved only that portion of his sentence which imposed the special condition of release requiring participation in a sex offender treatment program, namely, submission to penile plethysmograph testing.  The appeal was dismissed without prejudice on the ground that this specific claim was not yet ripe.  However, in its September 17, 2007 Opinion, the Sixth Circuit remarked that Lee's guilty plea served as a waiver of appeal, which would arguably foreclose his appeal.  The court entertained Lee's appeal because it "possibly

3

The mandate for the court's disposition of Lee's appeal was issued on November 2, 2007.  See id. (Docket entry no. 95).

It does not appear that Lee filed a motion to vacate his sentence or conviction pursuant to 28 U.S.C. § 2255.

### III.   DISCUSSION

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Lee brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

---

implicate[d] [a claim of] ineffective assistance by his counsel." See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 92, Opinion at pg. 3).

> (C) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  <u>Jurisdictional Issue</u>

Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court.  28 U.S.C. § 2255; <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

A motion under 28 U.S.C. § 2255, and not a writ of habeas corpus under 28 U.S.C. § 2241, is the presumptive means by which a federal prisoner can challenge his conviction or sentence that are allegedly in violation of the Constitution.  <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Okereke</u>, 307 F.3d at 120.  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under the general writ of habeas corpus, unless the remedy under

5

§ 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[3]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

---

[3] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Here, Lee does not contend that § 2255 is "inadequate or ineffective."  In fact, he completely ignores § 2255 as a means for challenging his conviction.  Instead, Lee manufactures a superficial argument that his judgment of conviction is void and the sentencing court had no jurisdiction over him because Lee's counsel was incompetent and ineffective in having Lee plead guilty.  Lee does not acknowledge whether he filed any direct appeal from his judgment of conviction, or a § 2255 motion to vacate that judgment before bringing this action, although it appears from a Court search on PACER that a direct appeal was filed and dismissed without prejudice, as discussed above, and a § 2255 motion was never filed in the court where Lee was sentenced.

Accordingly, this Court concludes that Lee has not demonstrated that a § 2255 petition is inadequate or ineffective because he has failed to show any "limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording him a full hearing and adjudication" of his claim for relief.  Cradle, 290 F.3d at 538.  Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

7

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.  Thus, there is no basis for Lee bringing this action under § 2241.

This Court construes this action, which seeks to challenge the validity of a judgment of conviction, as one for relief under 28 U.S.C. § 2255, rather than under § 2241.  Regardless of the label used by Lee, the subject matter of the petition, and not the title he assigns, determines its status.  The relief sought by Lee in this case falls squarely within the grounds for which a prisoner may challenge his sentence or conviction pursuant to Section 2255.  See Reaves, 177 Fed. Appx. at 213 (a motion under § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); United States v. Coleman, 162 Fed. Appx. 163, 164 (3d Cir. 2006) (same).

To the extent that Lee now wishes to challenge the validity of his conviction, he must do so by a motion under § 2255, which must be brought only in the court where he was convicted and sentenced.[4]  Consequently, this Court lacks jurisdiction over

---

[4]  A claim alleging ineffective assistance of counsel is generally not raised on direct appeal because it requires review outside of the court record.  Therefore, Lee would have to bring such a claim in a § 2255 motion.  It would appear, however, that a § 2255 motion may now be time-barred, and may have been so at the time Lee filed this action on September 21, 2009.  His judgment of conviction was entered on June 14, 2006, and his direct appeal, limited to a discrete sentencing issue, was dismissed on September 17, 2007.  However, because this Court is dismissing this action for lack of subject matter jurisdiction, the Court will refrain from discussing the procedural or substantive merits of the case.

8

this petition, and it will be dismissed accordingly. Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, this Court finds that it would not be in the interests of justice to transfer this petition to the United States District Court for the Western District of Tennessee (Memphis), because petitioner has declined to affirmatively identify the sentencing court from which the challenged judgment of conviction was issued or the judgment of conviction being challenged. Therefore, this petition will be dismissed with prejudice for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction. An appropriate Order accompanies this Opinion.

                                            **s/ Jerome B. Simandle**
                                            JEROME B. SIMANDLE
                                            United States District Judge

Dated: **January 4, 2010**